FILED

JAN – 9 2024

CAUSE NO. 4:24cv22

Jordan Johnson

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

In re: XXXX XXXXX Odam,
                    Relator,

v.

James P. Fallon, Child Support Magistrate;
Ken Paxton A.G.;
Sara L. Krahl Sullivan, Assistant A.G.;
Saleh Jabr CHILD SUPPORT DIVISION (CSD);
April T Bautista Neckar (CSD);
Tara Evans (CSD);
Xavier Becerra, Secretary of U.S. (HHS)
                    Respondent(s),

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

GRAYSON COUNTY, TEXAS

Nature of the case:

Common law[1] Court-of-Record[2], [3]

## SUIT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner suit - *Verified*)

## 1. PARTIES

A. The Relator   *Odam*
   Stan XXXXX XXXX
   c/o 6658 Dripping Springs Road,
   Denison, Tex, non-domestic
   903-815-1950
   Stanodam@protonmail.com

B. The Respondent(s):
   Respondent No. 1
   James P. Fallon is an individual, and the acting Title IV-D Administrative Court
   Magistrate at the 15th District Court, Grayson County Texas, suit is brough in his
   individual and official capacity;
   200 S. Crockett Ste.
   Sherman, Texas 75090
   Grayson County
   903-870-0603
   whitneyd@co.grayson.tx.us

   Respondent No. 2
   Ken Paxton, a.k.a. Kenneth Warren Paxton Jr.
   Texas Attorney General
   P.O. Box 12548

---

[1] "He [the citizen] has the right of free access to …courts of justices in the several states." Crandall v Nevada, 73 U.S. (6 Wall.) 35 (1867).

[2] Court of Justice: In common law; under constitutional provisions guaranteeing right to obtain justice, the "justice" to be administered by courts is not an abstract justice as conceived of by the judge but justice according to law or, as it is phrased in the constitution, "conformably to the laws". State ex rel. Department of Agriculture v. McCarthy, 238 Wis. 258, 299 N.W. 58, 64.

[3] A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial. Black's Law 4th pg. 426.

*Suit for Declaratory Judgment and for Violation of Civil Rights*                          *Page 1 of 8*

Austin, Texas 78711-2027
serviceofprocess@sos.texas.gov
512-463-1662
Individual and Official capacity
Kenneth Paxton is either already a party to the underlying suit by proxy whereby new service is not required; or there is mere "substantial compliance... [as failure to notice] does not constitute fundamental error". - Dorsaneo, Texas Litigation Guide § 45.05[3].

Respondent No. 3
Sara L. Krahl Sullivan – SBN: 24065572
Assistant A.G.
The State of Texas
P.O. Box 12027, Mail Code 590
Austin, Texas 78711-2027
CSD-Legal-590@aog.texas.gov
Individual and Official capacity

Respondent No. 4
SALEH JABR- SBN: 24077519
ATTORNEY OF RECORD
CHILD SUPPORT DIVISION OFFICE 507
CHILD SUPPORT OFFICE
2625 S CHURCH ST
PO BOX 859
PARIS, TX 75461-0859
Email CSD-legal-507@texasattorneygeneral.gov
Telephone No. (903)784-4322
Individual and Official capacity

Respondent No. 5
TARA EVANS - SBN: 24045853
ATTORNEY OF RECORD
CHILD SUPPORT DIVISION OFFICE 507
CHILD SUPPORT OFFICE
2625 S CHURCH ST
PO BOX 859
PARIS, TX 75461-0859
Email CSD-legal-507@texasattorneygeneral.gov
Telephone No. (903)784-4322
Individual and Official capacity

Respondent No. 6
APRIL T BAUTISTA NECKAR - SBN: 24080782
ATTORNEY OF RECORD
CHILD SUPPORT DIVISION OFFICE 507
CHILD SUPPORT OFFICE
2625 S CHURCH ST
PO BOX 859
PARIS, TX 75461-0859

Email CSD-legal-507@texasattorneygeneral.gov
Telephone No. (903) 784-4322
Individual and Official capacity

Respondent No. 7
Xavier Becerra
Secretary of the United States Department of Health and Human Services
Hubert H. Humphrey Building
200 Independence Avenue, S.W.
Washington, D.C. 20201
Telephone No. (877) 696-6775
Individual and Official capacity

## 2. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]", this is a §1983 claim against local officials.

James P. Fallon, is violating:

The right of due process, and equal protection, involving substantial rights of Relator, in violation of the Constitution for the United States of America, and its amendments, in combination with The Attorney General's Office, under color of statute, ordinance, regulation, custom, or usage, of Local Law, State or Territory or the District of Columbia," to wit:

1. By refusing to discharge the States fraudulent Title IV-D cause number 07-1369-015; therefore, federal jurisdiction is granted as a matter of law;
2. By allowing the fraudulent levy and unlawful conversion of monies in Relators bank account, associated with the alleged Title IV-D case;
3. By interfering with Relators right to contract with his previous spouse Wendy Bowden;
4. By refusing Respondents choice of counsel to represent him in the forementioned legal proceedings;
5. Fraudulent conversion of Respondents status as a jurisdictional matter in the administrative child support court;
6. In the alternative, refusing to allow modification of an Order of the Title IV-D court as a matter of law; and
7. The unlawful takings of monies in contradistinction to the Texas Family Code;

Respondents 1- 7, acting in combination, thru the auspices of The Attorney General's Office, under color of statute, ordinance, regulation, custom, or usage, of Local Law, State or Territory or the District of Columbia," are violating to wit:

1. The right of due process, and equal protection, involving substantial rights of Relator, in violation of the Constitution for the United States of America, and its amendments;
2. By interfering with the original contract between Respondent and Wendy Bowden;
3. By fraudulent misapplication of the enabling statutes of Title 42 IV-D, and the Texas Family Code;
4. In the alternative by fraudulent misapplication of the Family Code, claiming Relator has wages that are subject to levy, which is the basis for the fraudulent levy of Respondents bank account;

5.  By the violation of 26 U.S.C. §6305, which requires a certification from the Secretary of Health and Human Services, under section 452(b) of the Social Security Act, prior to collection of certain liability;

6.  By committing frauds and swindles (18 U.S.C. §§1341-1344), and honest services fraud;

7.  By enticing Relator to use a fictitious name and address (18 USC 1342);

8.  By fraudulent levy against Relators bank account and its unlawful transfer for the States own use;

3.  STATEMENT OF CLAIM

### 3.1 *Denial of Due Process and Equal Protection*

1.  On or about 7/30/07 Wendy Odam [Bowden] (hereinafter "Wendy') sued Relator for divorce;

2.  On or about 11/5/09 a *Final Decree of Divorce* was granted and Relator was awarded possession of his Property [the children -sic], Respondent was named the conservator [sic] with exclusive right to designate the primary residence of the child [sic], and child support in the amount of $145.00 per month;

3.  Wendy made only two payments during the 10-year period she was ordered to pay; the approximate balance owned is $16,530 minus setoffs;

4.  On or about the year 2018 Relator noticed the A.G. of Wendy's failure to comply with the Contract, and a lien was subsequently placed against her house and her tax IRS return was seized;

5.  On or about 5/14/19, Relator was served with a *Notice of Hearing for Temporary Orders and Order to Appear* (to be held on 5/31/19), in relation to a concurrent *Petition to Modify Parent-Child Relationship,* alleging that Relator had voluntarily relinquished primary care for at least six months (the underlying suit); Wendy, when she filed the underlying suit (upon which this action is based), is in breach of the equivalent of an interstate contract or in fact is not a real party in interest to the Title IV-D Case (the underlying suit), comes with unclean hands, and lacks standing to sue, as a matter of law;

6.  Relator believes Wendy's *Petition to Modify* is retaliation of Relator's notice to the A.G.;

7.  On or about 6/3/19 Relator filed *Response to "Notice of Hearing for Temporary Orders and Order to Appear",* and Motion for Order to Dismiss suit for Cause; in which Relator shows that Wendy Odam lacked standing to bring suit;

8.  On 8/12/19 a hearing was held and Relator was denied due process and equal protection by:
    a.  allowing Wendy Odam (Bowden) to proceed without standing;
    b.  not allowing Relator to have Constitutional assistance of counsel;
    c.  fraud in the inducement and misrepresentation as to the nature of an instrument;
    d.  the lack of a justiciable controversy as a matter of record;
    e.  lack of authority of the Court or James P. Fallon to hear the issue at hand;
    f.  denying Relator's common law rights supported by the Constitution;
    g.  violating Relator's right to worship as required by his creator;

9.  On 8/14/19 Relator filed his *Judicial Cognizance of Lack of Judiciable Controversy: In Response to "Notice of Hearing for Temporary Orders & Order to Appear", and Motion for Order to Dismiss Suit for Cause;*

10. On 9/20/19 Relator filed his *First Amended Notice of Withdrawal of Agreement Made in Hearing August 12, 2019 for Cause; and Notice of Intent to Continue Private Negotiations;*

11. On 9/25/19 James P Fallon, as acting Administrative Title IV-D Magistrate, for the Title IV-D agency, signed his *Order in Suit to Modify Parent-Child Relationship* (hereinafter, Order) (**Exhibit 1** -- Order, signed 9/25/19), wherein Fallon alleges Petitioner "appeared in person and announced ready for trial... has consented to the terms of this order as evidenced by Relator's signature below."
    The alleged Order further documents an allegation that Relator's Property (the Children [sic]) as subjects of the suit, hold Social Security Numbers or cestui que trust status, under the 14th

Amendment; and extraneously claims the orders are in the best interest of the children, without allegation or evidence of record that Relator is unfit, nor does he document a compelling governmental interest; in violation of Relator's fundamental liberties;

12. On 9/26/19 Relator filed his *Notice to the Clerk of Court and all Parties of Trespass and Trespass on the Case and to Cease and Desist*;

13. On 10/14/19 Relator filed his notice of refusal of the Notice of the court's Order, dated 9-25-19;

14. On 9/24/20 Relator filed *Motion to Modify Order in Suit to Modify Parent-Child Relationship*, for the purposes of correcting the record, and make a good faith effort to reconcile/negotiate amicable terms with the parties;

14. On 11/23/20 a hearing was held on Relator's *Motion to Modify Order in Suit to Modify Parent-Child Relationship;* in which Relator was denied Constitutional, and statutory, due process right to Counsel when Fallon is:

    a.  refusing to allow Relator's assistance of counsel during the hearing;

    b.  forcing jurisdiction of a statutory nature in contradistinction to the record;

    c.  refusing to correct the record;

    d.  refusing to allow Relator the opportunity to plead his case;

    e.  refusing to acknowledge the lack of the alleged agreement between the parties as a matter of record – constituting fraud and fraud upon the Court;

    f.  refusing to acknowledge Relator's unrebutted affidavits as a matter of record;

15. On 3/8/21 Relator filed *Declaration of Criminal Complaint; Notice of Fraud Upon the Court & Void Orders by James P. Fallon*;

16. On 8/17/21 Relator received a Notice from the Treasury that $4,306.56 had been levied from his bank account;

17. On 8/26/21 Relator filed *Ex Parte Demand for James P. Fallon to Void All Orders or Show Cause; and to Produce Evidence of Qualification for Office;*

18. On 9-21-21 Relator received a Notice of State Payment Held from the Comptroller for $4,450.70;

19. On 12/08/21 Relator received a Notice of Lien from the A.G.'s office;

20. On 9/17/21 the A.G. received Relator's *Formal Notice Challenging Existence of Arrearages, and Demand to Cease and Desist;*

21. On 12/13/22 Relator filed *Motion to Discharge Order in Suit to Modify Parent-Child Relationship;*

22. On 2/15/23 a Hearing was held on the *Motion to Discharge Order in Suit to Modify Parent-Child Relationship*; wherein, James P. Fallon is:

    a.  refusing to correct the record;

    b.  denying Relator's good faith *viva voce, Motion for Continuance* for disclosure – alleging "it's too late";

    c.  refusing to allow Relator's good faith request to negotiate an agreement – alleging "it's too late" or "it can't be modified after the fact";

    d.  denying Relator's unopposed, good faith, *Motion to Modify Order in Suit to Modify Parent-Child Relationship* – seeking to reconcile/negotiate with the parties, stating "it can't be modified after the fact";

    e.  denying Relators good faith motion to correct the record of the Court; by claiming Relator's request required a Motion – Relator subsequently informed the Court that his request was a formal motion by *viva voce*; Fallon denied the motion alleging it was required to be in writing, which is a denial of constitutional due process and a statutory denial of due process in contradistinction to Tex. R. Civ. P. Rule 502.1;

    f.  denying Relators good faith attempt to reconcile when he informed the Court that Wendy Bowden was in breach of the alleged consent agreement on which the Courts alleged Order (signed 9/24/19) was based, because Bowden was in violation of the alleged Order by refusing to allow Relator to claim one of the children on his income tax; James P. Fallon

responded that this provision was not in the agreement – which is untrue, *refer to* **(Exhibit 1 – Order, signed 9/25/19)**;

    g. refusing to acknowledge that Relator's funds in Independent Bank are private property and not in the form of wages which *may* be subject to withholding;

    h. alleging that the Order signed 9/24/23 is in the best interest of the children, without any claim or evidence of compelling interest on behalf of the State;

    i. without jurisdiction to levy the bank account of Relator, due to denial of due process and equal protection by allowing suit in the first instance and for all other reasons shown herein;

    j. committing fraud in his *Order in Suit to Modify Parent-Child Relationship,* signed 9/25/19 **(Exhibit 2)**, which is a nullity;

    k. allowing the levy of Relators bank account in contradistinction to Family Code Sec. 157.313, which requires an affidavit of a party to support a levy of account; which amounts to the proceedings being based on a false record;

    l. by claiming that Relator has earnings that are subject to withdrawal;

23. On 6/26/23 Relator received an additional Notice of Lien from the A.G.'s office against his bank account;

    a. This lien is made without the required record of proceedings requiring an affidavit in violation of Relator's due process;

24. On or about 7/3/23 the A.G.'s office received Relator's *Notice of Denial of Rights Under Color of Law,* and a continuing request for administrative interrogatories, that the State is refusing to disclose;

25. On 7/10/23 Sara L. Krahl Sullivan responded that an administrative review had been conducted and that Respondent had until 7/20/23 to file a lawsuit; however, Respondent was not given notice of the administrative review and was not allowed to show his evidence in violation of the Texas Administrative Code;

26. On July 7/20/23 Relator sent his *Formal Notice Challenging Existence of Arrearages, and Demand to Cease and Desist* to Sara L. Krahl Sullivan- SBN": 24065572;

27. On 7/24/23 Relator filed his *Judicial Notice; Demand to Discharge Cause No. 07-1369-015; and Release Funds Under Levy Forthwith*;

28. On 8/8/23 the AG's Office filed their Response;

29. On 11/6/23 Relator sent a Request for Information to Saleh Jabr, Tara Evans, and April T Bautista Neckar, Attorneys of Record, Child Support Division, requesting evidence of their authority to collect child support from Relator in contradistinction to their enabling statutes;

30. On 11/27/23 Relator filed his *Motion for Non-Bar Assistance of Counsel*;

31. On 11/29/23 Relator filed his *Counter-Claimant's First Supplemental for First Amended Pleading and Motion to Compel Title IV-D Agency to Respond to request for Discovery*;

32. On 12/5/23 Saleh Jabr filed his Attorney General's Response to Request for Information"; Saleh Jabr admitted in his response that there was no assessment for Title IV-D assistance provided under the State program funded under part A, or medical assistance under the State plan approved under Subchapter XIX, which is required to grant jurisdiction to the Title IV-D agency;

33. On 12/6/23 a hearing was held for Relators Challenge to the Attorney General's lien and levy;

34. On 12/14/23 James P. Fallon signed his Order of Dismissal of Relators Challenge to the levy, for want of subject matter jurisdiction **(Exhibit 2 – Order, signed 12/14/23)**.

### 3.2    *Causes and Filings included by Reference*

1. The fillings in Case No. 07-1369-015 are incorporated by reference as though fully included, as necessary to provide a remedy to Relator;

2. Each cause of action is incorporated by reference as though fully included, as necessary to provide a remedy to Relator;

## 4.  INJURIES

1.  I have been injured by unlawful takings in the amount of $22,282.60.

## 5.  PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1.  All administrative relief available has been sought and denied, Relator is without a remedy.

## 6.  RIGHTS RETAINED

1.  Pursuant to 12 U.S.C. 411, be it known that all money paid from or received into the following bank accounts, is in redeemed lawful money, as are all other dealings of Relator:

> INDEPENDENT BANK
> ACCOUNTS: 1000361160, 1000392199

2.  Relator denies minimum contacts with the STATE OF TEXAS and denies doing business in this state (*c.f.* Business Organizations Code Sec. 9.251).
3.  Relator demands a "Court of Record" for his suit.

## 7.  RELIEF

1.  Relief sought is for the unlawful takings in the amount of 22,282.60;
2.  All such other relief that Relator shows himself entitled to.

**Exhibits:**
1.  Exhibit 1 – Order, signed 9/25/19;
2.  Exhibit 2 – Order, signed 12/14/23;

## 8.  VERIFICATION AND CLOSING

1.  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

> All Rights Reserved, dated: 1-8-24
> All rights reserved
> Respectfully submitted
>
> By: /s/ XXXX-XXXXX, Odam
> XXXX-XXXXX, Odam, Acting Executor
> c/o 6658 Dripping Springs Road
> Denison, Texas, non-domestic
> Stanodam@protonmail.com

(903) 815-1950

## 9.  **VERIFICATION OF SERVICE**

I verify that a true and correct copy of this Suit for Violation of Civil Rights has been provided to the parties as listed below, by the Texas efile system, on January 8ᵗʰ, 2024.

By: /s/ XXXX-XXXXX, Odam

RESPONDENT(S):

Sara L. Krahl Sullivan – SBN: 24065572
Assistant A.G
The State of Texas
P.O. Box 12027, Mail Code 590
Austin, Texas 78711-2027
CSD-Legal-590@aog.texas.gov

SALEH JABR- SBN: 24077519
TARA EVANS - SBN: 24045853
APRIL T BAUTISTA NECKAR - SBN: 24080782
ATTORNEY OF RECORD
CHILD SUPPORT DIVISION OFFICE 507
CHILD SUPPORT OFFICE
2625 S CHURCH ST
PO BOX 859
PARIS, TX 75461-0859
Email CSD-legal-507@texasattorneygeneral.gov
Telephone No. (903)784-4322
Toll Free 1(800)252-8014
Fax No. (903)784-6893